**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BRIAN BAGLEY,

                           Plaintiff,

    - v -                                            Civ. No. 9:20-CV-683
                                                                 (BKS/DJS)

CHRISTOPHER MILLER, *et al.*,

                           Defendants.

**APPEARANCES:**                                    **OF COUNSEL:**

BRIAN BAGLEY
Plaintiff, *Pro Se*
17-B-0112
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

HON. LETITIA JAMES                      KONSTANDINOS LERIS, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Brian Bagley brought this action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights while he was incarcerated. Dkt. No. 1, Compl. Defendant Miller now moves to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim, specifically related to the failure to allege his

personal involvement in the alleged constitutional violations. Dkt. No. 16. The remaining Defendants have filed an Answer. Dkt. No. 18. Plaintiff has responded to the Motion to Dismiss. Dkt. No. 22, Pl.'s Opp. For the reasons set forth below, the Court recommends that Defendant Miller's Motion be granted.

## I. BACKGROUND

Generally stated, the Complaint alleges that Plaintiff was physically and sexually assaulted by correctional staff at Great Meadow Correctional Facility in March 2017. Compl. at ¶¶ 7-19. He also alleges that correctional staff destroyed certain religious property. *Id.* at ¶ 22. The Superintendent of Great Meadow is named as a Defendant, but is not accused of either personally assaulting Plaintiff or destroying his property. *Id.* at ¶¶ 2 & 20-21. Instead, Plaintiff alleges that the Superintendent failed to properly train correctional staff, was negligent in supervising them, and failed to ensure that proper procedures were followed at the facility. *Id.*

Following initial review, the District Court permitted First Amendment freedom of religion, Eighth Amendment excessive force, sexual assault, and medical indifference claims to proceed against Defendant Miller. Dkt. No. 10 at pp. 7-11.

## II. LEGAL STANDARD ON A MOTION TO DISMISS

On a motion to dismiss under FED. R. CIV. P. 12(b)(6) the Court takes "all factual allegations in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017). A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes

2

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 697 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. at 679-80. Where, as here, the plaintiff proceeds *pro se*, his papers should be liberally construed to raise the strongest claims they may read to present. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990).

### III. DISCUSSION

The Complaint alleges that the Superintendent was "aware of [systematic] gross inadequacies in training and supervision of employees" under his control with respect to the misconduct alleged and that he failed to ensure proper training. Compl. at ¶ 21. It does not make any direct allegation that Miller personally engaged in any of the conduct

3

alleged. Defendant seeks dismissal on the ground that these allegations fail to sufficiently allege his personal involvement. Dkt. No. 16-1, Def.'s Mem. of Law, pp. 3-6.

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). A supervisory official "may not be held liable for damages merely because he held a high position of authority." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Despite this rule, the Second Circuit for some time held that a supervisory official could be held liable under circumstances related to that supervisory role that did not involve their direct action. *See Colon v. Coughlin*, 58 F.3d 865 (2d Cir. 1995). *Colon* set forth five theories of liability that could apply to supervisory officials. *Id.* at 873. The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), however, "engendered conflict within our Circuit about the continuing vitality of the supervisory liability test set forth in *Colon*." *Reynolds v. Barrett*, 685 F.3d 193, 206 n. 14 (2d Cir. 2012). The conflict remained unresolved until the Second Circuit's recent decision in *Tangreti v. Bachmann* which concluded that "after *Iqbal*, there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 676).

*Tangreti* requires that Plaintiff allege and establish that Miller "violated the Eighth Amendment by [Miller's] own conduct, not by reason of [his] supervision of others who

4

committed the violation." 983 F.3d at 619. Plaintiff makes no allegation that Miller was directly involved in a physical or sexual assault, or that he personally failed to provide medical care to Plaintiff. *See generally* Compl. There is also no allegation that Miller was personally involved in destroying Plaintiff's religious property. The Complaint, in fact, alleges only that John Doe # 2 engaged in that conduct. *Id.* at ¶ 11. As a result, Plaintiff has failed to "establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's rights." *Tangreti v. Bachmann*, 983 F.3d at 618 (quoting *Porro v. Barnes*, 624 F.3d 1322, 1327-28) (10th Cir. 2010)). The Complaint, therefore, fails to specifically articulate Miller's personal involvement in the alleged constitutional violations and should be dismissed. Plaintiff's opposition seems to concede as much when he states "unfortunately, the Superintendent [] can not be held liable for something that he knew nothing about." Pl.'s Opp.

## IV.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant Miller's Motion to Dismiss (Dkt. No. 16) be **GRANTED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[1] within which to file written objections to the foregoing report. Such objections shall be filed

---

[1] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-

with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date: April 8, 2021
       Albany, New York

*/s/ Daniel J. Stewart*
Daniel J. Stewart
U.S. Magistrate Judge

---

Recommendation and Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).