**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

BRIAN BAGLEY,

Plaintiff, 9:20-cv-00683 (BKS/DJS)

v.

GARY SLATTERY, Correctional Officer; JUSTIN QUAIN, Correctional Officer; and STEVEN BEAURY, Correctional Officer,

Defendants.

---

**Appearances:**

*For Plaintiff:*
George H. Lowe
Hannah K. Redmond
Bond, Schoeneck & King PLLC
One Lincoln Center
Syracuse, New York 13202

*For Defendants:*
Letitia James
Attorney General of the State of New York
Adrienne J. Kerwin
Assistant Attorney General
The Capitol
Albany, New York 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Brian Bagley brought this 42 U.S.C. § 1983 action—concerning his incarceration at Great Meadow Correctional Facility—against Defendants, Correctional Officers Gary Slattery and Justin Quain. (Dkt. No. 85). The Court previously denied Defendants' partial motion for summary judgment but granted leave to file a renewed motion raising statute of

limitations and exhaustion issues.[1] (Dkt. Nos. 129, 131). Presently before the Court is that renewed motion, which is fully briefed. (Dkt. Nos. 132, 132-2, 139, 142). For the reasons that follow, the renewed motion is granted.

## II. BACKGROUND[2]

The Court assumes the parties' familiarity with the factual and procedural background of this case, discussing below only those facts necessary to explain its decision. (*See* Dkt. No. 129, at 2–7). As previously explained, this action arises from an assault and subsequent misconduct Plaintiff alleges Slattery and Quain committed during his incarceration at Great Meadow. (*See id.* at 3–5). The events giving rise to Plaintiff's remaining Eighth Amendment excessive force and First Amendment retaliation claims occurred on March 23, 2017. (*See id.*; Dkt. No. 139-1, ¶¶ 5–7). At that time, Plaintiff did not recognize Slattery or Quain, and neither wore their name badges during the relevant events. (Dkt. No. 129, at 3; Dkt. No. 139-1, ¶ 12).

Plaintiff commenced this action on June 18, 2020, representing himself. (Dkt. No. 1). His original complaint did not name Slattery and Quain, instead referring to them as John Does. (*See id.* at 1, 4–5; Dkt. No. 139-1, ¶ 12). On August 31, 2020, the Court issued an order conducting an initial review of the original complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. (Dkt. No. 10). That order directed Plaintiff to "take reasonable steps through discovery to ascertain the identity of" the John Doe defendants; it also warned Plaintiff that the failure to timely serve those defendants would result in dismissal. (*Id.* at 15–16). Plaintiff avers that this order—served on him by regular mail at his place of incarceration—"caused [him] to issue to the Great Meadow

---

[1] A third Defendant, Steven Beaury, has not appeared. All references to "Defendants" in this decision therefore refer only to Slattery and Quain. (*See* Dkt. No. 129, at 2 n.1).

[2] The facts—which the Court views in the light most favorable to Plaintiff as the party opposing summary judgment, *see Gilles v. Repicky*, 511 F.3d 239, 243 (2d Cir. 2007)—are drawn from the Court's prior summary judgment decision, as well as the exhibits submitted in connection with the renewed summary judgment motion.

FOIL Officer a request," dated the same day as the order, for the relevant employee logbooks. (*See* Dkt. No. 139-1, ¶ 13; *see also* Dkt. No. 10, at 16). Plaintiff has submitted a copy of that alleged FOIL request. (*See* Dkt. No. 139-2, at 2).

Previously during the course of this litigation, Plaintiff submitted to the Court a letter also dated August 31, 2020. (Dkt. No. 67, at 2). That letter, directed to Assistant Attorney General Konstandinos D. Leris, sought discovery of the relevant employee logbooks. (*Id.*). AAG Leris, however, responded that he had never received this letter, explaining that it would have been "impossible for Plaintiff to have been requesting discovery from me" in August 2020 because AAG Leris did not appear in this case until late October 2020. (Dkt. No. 69, at 1–2 (citing Dkt. No. 14 (Leris notice of appearance))).

Plaintiff asserts that he received no response to the August 2020 FOIL request, so he "followed up" with additional requests in November 2020, January 2021, and March 2021. (Dkt. No. 139-1, ¶ 14; Dkt. No. 139-3, at 2–4). The Great Meadow FOIL officer did not acknowledge any FOIL requests until February 2022, when Plaintiff received notification that his "request ha[d] been received and [was] being processed." (Dkt. No. 139-4, at 2; Dkt. No. 139-1, ¶ 14). The FOIL officer subsequently denied the request in October 2022, explaining that "[a] search was done of [the relevant] log books, [and Plaintiff was] not entered in any of the books." (Dkt. No. 139-5, at 2; Dkt. No. 139-1, ¶ 14). The response did not explain why officials had searched for Plaintiff's name in the employee logbooks Plaintiff requested. (*See* Dkt. No. 139-5, at 2).

The Court appointed Plaintiff pro bono counsel in October 2021. (Dkt. No. 35). After Plaintiff informed the Court that he had "heard nothing from" his attorney, and that attorney requested permission to withdraw, the Court appointed Plaintiff's current pro bono counsel. (Dkt. No. 50, at 1; Dkt. No. 139-6, ¶ 5; *see also* Dkt. Nos. 53, 76, 77). Subsequently, counsel

assisted Plaintiff in identifying Slattery and Quain as the John Doe defendants. (*See* Dkt. No. 139-6, ¶ 6; *see also* Dkt. No. 139-7, at 4–5).

Plaintiff, through his current pro bono counsel, filed the operative amended complaint naming Slattery and Quain on November 9, 2023. (Dkt. No. 85).

## III. STANDARD OF REVIEW

Under Rule 56(a), summary judgment may be granted only if all the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citing *Anderson*, 477 U.S. at 248). The movant may meet this burden by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322; *see also Selevan v. N.Y. Thruway Auth.*, 711 F.3d 253, 256 (2d Cir. 2013) (per curiam) (explaining that summary judgment is appropriate where the nonmoving party fails to "'come forth with evidence sufficient to permit a reasonable juror to return a verdict in [their] favor on' an essential element of a claim" (quoting *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 509 (2d Cir. 2010))).

If the moving party meets this burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 250; *see also Celotex*, 477 U.S. at 323–24; *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). "When ruling on a

summary judgment motion, the district court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003). Still, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and cannot "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986) (citing *Quarles v. Gen. Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985) (per curiam)). Furthermore, "[m]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)).

## IV. DISCUSSION

Defendants argue that Plaintiff's First and Eighth Amendment claims are time-barred because the operative amended complaint—filed outside the statute of limitations—does not relate back to the original complaint. (Dkt. No. 132-2, at 12–20; Dkt. No. 142, at 3–9). Plaintiff disagrees, arguing that the amended complaint relates back to the original complaint under New York law. (Dkt. No. 139, at 10–14).

"The statute of limitations for § 1983 actions arising in New York is three years." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020). Plaintiff filed his original pro se complaint—referring to Defendants as "John Does"—on June 18, 2020, and pro bono counsel filed his amended complaint on November 9, 2023, referring to Slattery and Quain by name. (*See* Dkt. Nos. 1, 85). The parties here agree, however, that the statutory period expired on November 6, 2020, in light of New York's COVID-19 tolling provisions. (Dkt. No. 132-2, at 12–13; Dkt. No. 139, at 10). Accordingly, the parties further agree, the claims are timely only if the amended

complaint relates back to the original complaint. (*See* Dkt. No. 132-2, at 13; *see also* Dkt. No. 139, at 10).

The amended complaint relates back to the original complaint if it meets either New York's relation back standard, or the federal rules' relation back standard. *See Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013); *see also* Fed. R. Civ. P. 15(c)(1)(A), (C). Plaintiff here argues only that the amended complaint relates back under N.Y. C.P.L.R. § 1024. (Dkt. No. 139, at 10). Under that provision, "[a] plaintiff 'who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party' may proceed against that party by designating a fictitious name (a 'John Doe') until they become aware of that party's identity." *Barrett v. City of Newburgh*, 720 F. App'x 29, 33 (2d Cir. 2017) (quoting C.P.L.R. § 1024). "To take advantage of § 1024," however, a "party must 'exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name.'"[3] *Hogan*, 738 F.3d at 519 (quoting *Bumpus*, 66 A.D.3d at 29); *Ceara v. Deacon*, 68 F. Supp. 3d 402, 409 (S.D.N.Y. 2014). "A plaintiff exercising due diligence will take concrete and timely steps to ascertain an officer defendant['s] identity." *Abreu v. City of New York*, No. 17 Civ. 6179, 2018 WL 3315572, at *5, 2018 U.S. Dist. LEXIS 111938, at *12 (S.D.N.Y. July 5, 2018) (alteration adopted) (quoting *Barrett*, 720 F. App'x at 33); *Wheeler v. Buckley*, No. 16-cv-7441, 2019 WL 2024005, at *6, 2019 U.S. Dist. LEXIS 77526, at *15 (S.D.N.Y. May 7, 2019).

This "requirement is not forgiving"—indeed, "[d]ue diligence is not exercised by last minute or token discovery requests." *Barrett*, 720 F. App'x at 33 (citation modified). District courts have remarked that "a single unsuccessful request for information" generally does not

[3] Section 1024 contains additional requirements. *Hogan*, 738 F.3d at 519; *Bumpus v. N.Y.C. Transit Auth.*, 66 A.D.3d 26, 29 (2d Dep't 2009). But Defendants here only raise due diligence, (Dkt. No. 132-2, at 15–20; Dkt. No. 142, at 3–9), so that issue alone determines whether Plaintiff's claims are timely. *See United States v. Fayton*, 704 F. Supp. 3d 449, 453 (S.D.N.Y. 2023).

constitute due diligence. *Sherman v. Thomas-Brown*, No. 14-cv-6912, 2018 WL 1247377, at *5, 2018 U.S. Dist. LEXIS 39099, at *13 (E.D.N.Y. Mar. 9, 2018) (collecting cases); *see also JCG v. Ercole*, No. 11 Civ. 6844, 2014 WL 1630815, at *14, 2014 U.S. Dist. LEXIS 57417, at *55 (S.D.N.Y. Apr. 24, 2014) (similar), *report-recommendation adopted*, 2014 WL 2769120, at *1, 2014 U.S. Dist. LEXIS 83800, at *3 (S.D.N.Y. June 18, 2014). "Courts are more likely to find due diligence where the [plaintiff] has made numerous attempts to ascertain the identity of unknown defendants, even if these attempts are frustrated until after the limitations period has expired." *See Sherman*, 2018 WL 1247377, at *5, 2018 U.S. Dist. LEXIS 39099, at *13–14 (collecting cases).

Here, Plaintiff has failed to make a showing of due diligence. Even viewing the record in the light most favorable to Plaintiff, he made a single request just months before the statute of limitations expired, after failing to request any information about Defendants' identities for roughly three years. Although he asserts he made additional FOIL requests, those all occurred after the statute of limitations expired. So Plaintiff failed to take sufficient efforts "*prior to* the running of the statute of limitations.'" *See Hogan*, 738 F.3d at 519 (emphasis added) (quoting *Bumpus*, 66 A.D.3d at 29); *see also Sherman*, 2018 WL 1247377, at *5, 2018 U.S. Dist. LEXIS 39099, at *13–14.

To be sure, there exists "no clear rule as to what specific actions a plaintiff must take to satisfy the due diligence requirement." *Abreu*, 2018 WL 3315572, at *5, 2018 U.S. Dist. LEXIS 111938, at *12; *Gudanowski v. Burrell*, No. 20 CV 111, 2021 WL 3887612, at *4, 2021 U.S. Dist. LEXIS 164971, at *10 (S.D.N.Y. Aug. 31, 2021). And courts conducting the due diligence inquiry may consider a plaintiff's pro se or incarcerated status. *See Colson v. Mingo*, No. 18-cv-2765, 2025 WL 218520, at *9, 2025 U.S. Dist. LEXIS 8805, at *27 (S.D.N.Y. Jan. 16, 2025);

*see also Darden v. Cnty. of Suffolk*, No. 21-cv-5132, 2026 WL 221361, at *5, 2026 U.S. Dist. LEXIS 15887, at *12 (E.D.N.Y. Jan. 28, 2026). Ultimately, however, "[t]he onus of identifying an officer defendant's name, or at least making a good faith effort, lies on the plaintiff." *Barrett*, 720 F. App'x at 33 (citing *Hogan*, 738 F.3d at 518–19). On this record, the Court cannot conclude that Plaintiff has met that burden.

Accordingly, Plaintiff cannot avail himself of § 1024, and the amended complaint does not relate back to the original complaint. *See Hogan*, 738 F.3d at 519. Plaintiff's claims against Slattery and Quain are therefore untimely, and they are entitled to summary judgment. *See* Fed. R. Civ. P. 15(c)(1)(A). In light of this conclusion, the Court need not address Defendants' exhaustion arguments.

The Court notes that the same analysis would appear to apply to Defendant Beaury, who has not appeared in this action. Plaintiff is directed to inform the Court, within thirty days of the date of this decision, whether he seeks to proceed against Defendant Beaury, and if so, how he seeks to proceed on that claim. If Plaintiff does not respond by that date, the Court will dismiss Defendant Steven Beaury, enter judgment, and direct the Clerk to close the case.

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' renewed motion for summary judgment (Dkt. No. 132) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's remaining claims against Defendants Slattery and Quain are **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff is directed to inform the Court within thirty (30) days of the date of this decision whether he seeks to pursue this action against Defendant Steven Beaury, and if so, how he seeks to proceed on that claim.

**IT IS SO ORDERED.**

Dated: November 10, 2026
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge